# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Tetra Tech EC/Tesoro Joint Venture, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:10-CV-1597-CMC |
| | ) | |
| v. | ) | |
| | ) | |
| Sam Temples Masonry, Inc., and North American Specialty Insurance Company, | ) ) ) | **OPINION AND ORDER ON MOTION TO DISMISS** |
| Defendants. | ) ) | **THIRD-PARTY COMPLAINTS** **(Dkt. No. 102)** |
| United States of America, for and on behalf of Sam Temples Masonry, Inc., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| Safeco Insurance Company of America, Burgess & Niple, Inc., Heritage Roofing Company, Inc., Corps Construction, Inc., Assurance Waterproofing Co., Inc., and Jones Glass, Inc., | ) ) ) ) ) | |
| Third-Party Defendants, | ) ) | |
| and | ) ) | |
| North American Specialty Insurance Company, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) | |
| Burgess & Niple, Inc., and Heritage Roofing Company, Inc., | ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court on motion of Third-Party Defendant Burgess & Niple, Inc. ("B&N") to dismiss the third-party complaints of Third-Party Plaintiffs North American Specialty

Insurance Company ("NASIC") and Sam Temples Masonry ("Sam Temples"). Dkt. No. 102. For the reasons set forth below, this motion is granted in part and denied in part.

**NASIC's Contract Claim.** B&N argues that NASIC's claim for breach of contract should be dismissed or stayed because the relevant contract contains a broad and binding arbitration provision. The court agrees. NASIC's breach of contract claim is founded on the contract between B&N and the prime contractor, Plaintiff Tetra Tech/Tesoro Joint Venture ("Tetra Tech"). Assuming without deciding that NASIC has any viable claim under this contract, as subrogee or otherwise, it would necessarily stand in Tetra Tech's shoes in pursuing that claim.[1] It follows that NASIC, like Tetra Tech, is bound by the arbitration provision to the extent it seeks to assert any claim under the contract.

This leaves the question of whether dismissal or a stay is proper. B&N argues that the court should dismiss the contract claim if it dismisses the other claims against B&N but concedes that stay may be appropriate if any of NASIC's claims against B&N survive. Because the court does not dismiss NASIC's claims in full, it will stay rather than dismissing the contract claim.

**NASIC and Sam Temples' Negligence and Breach of Warranty Claims.** B&N argues that NASIC and Sam Temples' claims for negligence and breach of warranty should be dismissed because (1) neither NASIC nor Sam Temples has suffered any injury as a result of any negligence or breach of warranty by B&N, thus defeating any direct claim for negligence or breach of warranty; (2) to the extent the claims may be construed as claims for equitable indemnity, they fail because, under the facts of this case, NASIC and Sam Temples will only suffer injury if Sam Temples is found to be at fault; and (3) a party may recover for equitable indemnity only if it is entirely without

---

[1] Whether any contract claim is viable is an issue for arbitration.

2

fault. For the reasons set out below, the court does not find these arguments entirely dispositive of the claims.

B&N appears to be correct that neither Sam Temples nor NASIC has suffered or will suffer any injury unless and until they are held liable in this action. As explained in earlier orders, such liability is a necessary prerequisite to a third-party claim. Dkt. No. 116, 117 (addressing motions to dismiss by Third-Party Defendant Heritage Roofing Company, Inc.). Thus, NASIC and Sam Temples' claims against B&N may proceed only to the extent they seek to impose derivative liability. *See id.* (reaching the same conclusion as to claims against Heritage).

B&N takes the argument a step further, construing the third-party claims for negligence and breach of warranty as claims for equitable indemnification (because of the lack of direct injury), and then argues that such a claim may be maintained only by a party which is without fault. This is not, however, the only reasonable construction of the negligence and breach of warranty claims as they may also be construed as seeking relief under theories of contribution or equitable subrogation. *See, e.g.*, Dkt. Nos. 67, 85, 95 (motions and memoranda by Heritage addressing third-party negligence claims as seeking relief under theories of contribution, indemnity or equitable subrogation).

In any event, there is at least one construction of Plaintiff's complaint under which Sam Temples and NASIC might be held to be in breach of contract (for refusing to follow a directive of the U.S. Army Corp of Engineers) without requiring proof that Sam Temples was at fault in causing the underlying damage. This would, presumably, allow Sam Temples and NASIC to assert a third-party claim even under a theory which required that they be without fault in causing the underlying

damage.[2]   The court does not, therefore, find B&N's argument on this point sufficient to support dismissal at this stage in the proceedings.

B&N's motion also focuses on its duties as design professional.  In particular, it argues that Sam Temples would not be liable to the extent it complied with B&N's plans and specifications (collectively "Specifications").    Thus, B&N argues that there is no potential for a derivative liability claim based on B&N's design work.

Sam Temples and NASIC's allegations against B&N are not, however, so limited.  For example, they allege that B&N breached its duties by *failing* to specify certain construction requirements such as air space depth, flashing dimensions, as well as drainage material and location requirements.   It is not clear how or if Sam Temples could raise a defense that it complied with the Specifications where its argument rests on the Specifications' failure to address a particular issue.

Sam Temples and NASIC also allege that B&N failed in its administrative duties, including by failing to report problems to Tetra Tech, failing to observe certain problems, and failing to require conformance with certain building code requirements.  B&N argues that these failures cannot support a third-party claim because they are either the result of Sam Temples' own defaults (which it  cannot blame B&N for failing to catch) or the defaults of other subcontractors (whose defaults may have caused the damage but did not contribute to Sam Temples' defaults). While B&N may be right that Sam Temples cannot shift liability to B&N for failing to catch at least some

---

[2] In addressing Heritage's motions to dismiss, the court did not consider this potential construction of the complaint.  Having now considered it, the court reaches the same conclusions as in its earlier orders because such a claim would be for a "breach of contract," specifically the refusal to comply with the Corp of Engineers' directive, even if Sam Temples' work was not defective. Thus, liability imposed on this basis would support a third-party claim under Fed. R. Civ. P. 14 because the third-party's fault would have "caused or contributed to Sam Temples' breach of its own subcontract."  *See* Dkt. No. 116 at 11; Dkt. No. 117 (docket text order).

categories of error by Sam Temples, it is not clear that this argument would apply to all categories of error, particularly if the error was minor, related to a subject not covered by the Specifications, was expressly or tacitly approved by B&N, or some combination of these factors. It is, likewise, possible that another subcontractor committed some errors which contributed to a deficiency in Sam Temples' work. If B&N should have but failed to find and require correction of these errors, it (along with the subcontractor whose work is at issue) is potentially liable to Sam Temples for contributing to Sam Temples' own default. While the court does not suggest that any of these theories will survive to trial, it is persuaded that they are adequately pleaded to allow discovery on the claims to proceed.

## CONCLUSION

For the reasons set forth above, the court (1) stays NASIC's third-party claim for breach of contract pending arbitration, (2) dismisses NASIC and Sam Temples' claims to the extent they seek relief other than for actions which allegedly caused or contributed to Sam Temples' alleged breach of its subcontract and NASIC's alleged breach of its surety agreement, and (3) denies the motion in all other respects.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 6, 2011