**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Tetra Tech EC/Tesoro Joint Venture, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:10-cv-1597-CMC |
| ) | |
| v. ) | |
| ) | |
| Sam Temples Masonry, Inc., and North ) | |
| American Specialty Insurance Company, ) | **OPINION AND ORDER** |
| ) | **ON MOTION TO DISMISS** |
| Defendants. ) | **THIRD-PARTY COMPLAINT** |
| ) | **(Dkt. No. 112)** |
| United States of America, for and on behalf of ) | **and SUA SPONTE ORDER for** |
| Sam Temples Masonry, Inc., ) | **Answers to Court Interrogatories** |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Safeco Insurance Company of America, Burgess & ) | |
| Niple, Inc., Heritage Roofing Company, Inc., Corps ) | |
| Construction, Inc., Assurance Waterproofing Co., ) | |
| Inc., and Jones Glass, Inc., ) | |
| ) | |
| Third-Party Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| North American Specialty Insurance Company, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| Burgess & Niple, Inc., and Heritage Roofing ) | |
| Company, Inc., ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

This matter is before the court on motion of Third-Party Defendant Jones Glass, Inc.

("Jones") to dismiss third-party claims asserted by Sam Temples Masonry ("Sam Temples"). Dkt.

No. 112 (motion); Dkt. No. 84 (Third-Amended Third-Party Complaint). For the reasons set forth below, this motion is granted in part and denied in part. While the court finds some aspects of Sam Temples' single claim against Jones survive, it also finds that claim (for negligence[1]) requires clarification. This clarification (both as to legal theories and supporting allegations) shall be provided through responses to court interrogatories included in this order and is intended to to guide discovery.[2]

## MOTION TO DISMISS

Sam Temples asserts only a single claim against Jones which contains little more than boilerplate allegations that defective work by Jones and others (including defective installation of windows) caused or contributed to the water intrusion at issue in the underlying complaint. That complaint is pursued by Tetra Tech EC/Tesoro Joint Venture ("Tetra Tech"), the prime contractor on a construction project at Fort Jackson, S.C. (the "Project"), against Sam Temples and its surety, NASIC. *See* Dkt. No. 84 ¶86 a, b, e, f.[3]

---

[1] In its memorandum in opposition to Jones' motion, Sam Temples refers to claims for negligence and breach of warranty. Dkt. No. 130 at 5. However, the third-party complaint includes only one claim against Jones, a claim for negligence. *See* Dkt. No. 84 ¶¶84-89 (negligence claim against multiple Third-Party Defendants).

[2] Because the court has similar concerns as to all third-party claims, it will, by separate order, require Sam Temples and North American Specialty Insurance Company ("NASIC") to respond to similar interrogatories as to all third-party claims.

[3] Unlike the third-party complaints at issue in this court's prior rulings (Dkt. Nos. 116, 117, 133), the court here considers only the allegations in Sam Temples' third-party complaint. In addressing the earlier-resolved motions, the court considered allegations of Sam Temples *and NASIC* collectively as both asserted corresponding claims against the same Third-Party Defendants. NASIC has not, however, asserted a third-party claim against Jones. Thus, there is no related complaint by NASIC or corresponding motion to dismiss and responsive memorandum which might be considered together with Sam Temples' allegations and arguments. This has left Sam Temples at some disadvantage, albeit of its own making, as NASIC's factual allegations and legal arguments have generally been more detailed and persuasive.

Sam Temples' allegations against Jones are included in a negligence claim which is asserted, collectively, against four Third-Party Defendants. Despite the distinctly different roles these Third-Party Defendants played in completion of the Project, Sam Temples makes no distinctions between them within this negligence claim. Nonetheless, it appears that the following allegation is likely directed to Jones – that the Third-Party Defendants "fail[ed] to install the windows in conformance with the Construction Documents, the applicable building code and the manufacturer's recommended installation requirements." *Id.* ¶ 86(e). This is the most specific allegation which appears to be directed to the subject matter of Jones' subcontract.[4]

In its response to Jones' motion to dismiss, Sam Temples refers to an expert witness's report as providing some degree of greater specificity. *See* Dkt. No. 130 at 10 (quoting report of Dennis J. Hall).[5] That report identifies alleged defects in the installation of the windows which *may* have contributed to the water intrusion for which Tetra Tech seeks to hold Sam Temples liable. It does not state that the alleged defects, in fact, had such an effect. More critically, it does not suggest how any defects in Jones' work might have caused or contributed to a defect in Sam Temples' own work.

Considering the complaint and Sam Temples' response to Jones' motion to dismiss together, it appears that the third-party claim against Jones is primarily intended as a complete defense (that Jones or Jones and others, rather than Sam Temples, are solely responsible for the water intrusion).

---

[4] Though it is more likely directed to Third-Party Defendant Assurance Waterproofing Company, Sam Temples' also alleges that one or more of the four Third-Party Defendants named in the negligence claim "fail[ed] to install the waterproofing and caulking in conformance with the Construction Documents, the applicable building code and the manufacturer's recommended installation requirements." Dkt. No. 84 ¶ 86 f. For purposes of this order, the court assumes without deciding that at least some portion of these allegations could support a negligence claim.

[5] A less-specific affidavit by the same expert was attached to the third-party complaint.

3

Alternatively, the allegations in Sam Temples' negligence claim (as clarified through its response to the motion to dismiss) may be construed as seeking indemnification or contribution based on an underlying negligent act. The third-party complaint does not, however, mention either indemnification or contribution, much less specify any legal or equitable theories for indemnification or contribution (beyond their underlying dependence on proof of negligence).

For reasons addressed in earlier orders ruling on motions to dismiss filed by other parties, the court grants Jones' motion to dismiss to the extent Sam Temples' claim against Jones is, in effect, a *defense* that Jones or Jones and others, *rather than* Sam Temples, are wholly responsible for the damages for which Tetra Tech seeks relief in the underlying complaint. *See, e.g.*, Dkt. No. 116 (addressing motion to dismiss by Third-Party Defendant Heritage Roofing Company, Inc.), 117 (same) 133 (addressing motion to dismiss by Third-Party Defendant Burgess & Niple, Inc.). Despite acknowledging the significant limitation on its claims imposed by these prior orders, Sam Temples' current arguments suggest that the main focus of the third-party claim against Jones is just such a defense. *See, e.g.,* Dkt. No. 130 at 5 ("Jones's negligence and breach of warranty . . . resulted in damage to the building alleged by [Tetra Tech] to be [Sam Temples'] responsibility."); Dkt. No. 130 at 9 ("Any damages sustained by Tetra Tech in connection with the Project were proximately caused by [the Third-Party Defendants including Jones], and not by any actions or inactions by STM.") (quoting third-party complaint (Dkt. No. 84 ¶ 88)). Despite this focus, Sam Temples also suggests that it is asserting an alternative claim for equitable indemnification based on imputed fault or a special relationship or both. Dkt. No. 130 at 6-8. It also suggests that it is seeking contribution including under S.C. Code Ann. § 15-38-50 (*id.* at 8-9). The availability of these theories is addressed below.

4

**Indemnification.** In addressing earlier-filed motions to dismiss, the court concluded that a claim for indemnification based on imputed fault, special relationship, or both was *potentially* available to Sam Temples if some deficiency in a Third-Party Defendant's work "caused a corresponding deficiency in Sam Temples' performance." Dkt. No. 116 at n.4 (addressing Heritage's motion to dismiss NASIC's third-party complaint). Sam Temples quotes the critical language from the prior order and summarizes various cases allowing such a claim, thus suggesting its third-party claim rests on such a theory. It does not, however, point to any allegations or suggest any unpleaded facts which might support a claim that defective work by Jones somehow contributed to or caused a defect in Sam Temples' masonry work. *See* Dkt. No. 6-8. Thus, to this point, Sam Temples has offered no allegations which would support indemnification based on a theory that some defect in Jones' work caused or contributed to a defect in Sam Temples' work.

To the extent Sam Temples' characterizes its claim as one for equitable indemnity based on a complete absence of fault, it is doubtful that it may proceed under Rule 14, at least to the extent Sam Temples' liability to Tetra Tech is fault-based. This is because only derivative claims may be asserted under Rule 14. As noted in a prior order, however, one possible (albeit somewhat strained) construction of Tetra Tech's complaint may suggest a basis for liability based on breach of contract despite an absence of fault for defective work. *See* Dkt. No. 133 at 4, n. 2 (addressing NASIC's argument that it and Sam Temples might be held liable on a contract theory for refusing to comply with a Corps of Engineers' directive even if Sam Temples masonry work was not, in fact, defective).

**Contribution.** Sam Temples also argues that its negligence claim may be construed as a claim for contribution under S.C. Code Ann. § 15-38-50, the South Carolina Contribution Among Joint Tortfeasors Act ("the Act"). The Act allows a joint tortfeasor who *has paid* more than his *pro rata* share of damages to recover the excess from other joint tortfeasors. *Id.* Though not expressly

5

pleaded, a claim for contribution under the Act may fit the facts alleged to the extent Sam Temples is asserting that if it is held liable to Tetra Tech under the negligence claim, then it is not solely liable and may, upon payment of any judgment, be entitled to contribution on a *pro rata* basis from Third-Party Defendants who were also negligent in causing the same injury. *See* S.C. Code § 15-38-15 (referring to damages "resulting from tortious conduct"); S.C. Code §15-38-20 (providing right of contribution "where two or more persons become jointly or severally liable in tort for the same injury").[6]

The question then becomes whether such a claim may be pursued under Rule 14 given the Act's requirement that the joint tortfeasor seeking contribution have *paid* more than his *pro rata* share of damages. Another judge in this district has held that such a claim may be pursued in federal court as a third-party claim under Rule 14, even though it may not be asserted in state court prior to actual payment of a disproportionate share of damages. *See Brown v. Shredex, Inc.,* 69 F. Supp. 2d 764 (D.S.C. 1999). In its reply, Jones notes that *Brown* is not binding on this court, "submits that *Brown* did not take proper cognizance of the specific words of the statute, which make the entire existence of the cause of action dependent on prior payment by the tortfeasor seeking contribution[,]" and asks the court to "conduct an independent analysis of whether the South Carolina Act creating a cause of action is substantive or procedural." Dkt. No. 137 at 15-16. Jones does not offer any further argument in support of its conclusion that *Brown* reached an incorrect result. The court has, nonetheless, carefully considered *Brown* and the authority cited therein. Having done so, and finding neither controlling nor persuasive authority to the contrary, the court

---

[6] Tetra Tech includes a negligence claim against Sam Temples in its complaint. Sam Temples' third-party complaint against Jones and other Third-Party Defendants is also founded on negligence. Thus, the pleadings present the possibility that Sam Temples and Jones could be held to be joint tortfeasors.

finds *Brown* persuasive and adopts the reasoning and conclusion in *Brown* as its own for purposes of this motion to dismiss. The court will, nonetheless, leave open any final determination as to the scope and applicability of the Act until its application may be briefed based on a fully developed record.[7]

**Unclean Hands.** In its reply, Jones argues that Sam Temples' third-party claim should be foreclosed, or at least limited, due to spoliation of evidence. Dkt. No. 137 at 13-14 (arguing Sam Temples cannot pursue equitable remedies because it has unclean hands). Jones argues that spoliation bars or limits the claim because Sam Temples had an opportunity to examine the windows for defects before they were removed (to allow the masonry work to be redone) while Jones did not. Assuming without deciding that Jones' spoliation argument may be raised at some point in this action, it is not properly considered on motion to dismiss, and certainly not when raised for the first time on reply.[8]

**Conclusion as to dismissal.** For the reasons set forth above, Sam Temples' third-party claim against Jones is dismissed to the extent Sam Temples argues that Jones, alone or in combination with others, rather than Sam Temples, was responsible for Tetra Tech's damages. The claim may, however, proceed to the extent it seeks recovery under a theory that negligent actions

---

[7] The Act has been referenced, albeit briefly, in some memoranda relating to earlier-filed motions to dismiss. *See* Dkt. Nos. 67 and 85 (Heritage Roofing Company, Inc.'s memoranda); Dkt. No. 97(Sam Temples' memorandum in response to Heritage); Dkt. No. 125 at 11-12 (Sam Temples' memorandum in response to Burgess & Niple, Inc.). The court resolved those motions without full consideration of whether the Act might provide an additional basis for the third-party claims in this action. While the court makes no final ruling on whether the Act applies to the facts of this case, it will, by separate docket text order, modify its prior rulings to the extent they may foreclose such a possibility.

[8] Assuming without deciding that the spoliation argument is otherwise proper, it could not be resolved without factual determinations as to whether Jones had an opportunity to examine the windows and, if not, whether the fault for that lost opportunity is properly attributed to Sam Temples.

7

by Jones caused or contributed to a defect in Sam Temples' work or other basis for imposing derivative liability under theories of indemnification or contribution including under S.C. Code Ann. § 15-38-20.

## COURT DIRECTED INTERROGATORIES

As discussed above, Sam Temples' third-party complaint against Jones states only a single claim for negligence. This negligence claim cannot stand alone as Sam Temples has no injury (and certainly no injury subject to remedy through a third-party claim) *unless* the injury arises because Sam Temples is held liable to Tetra Tech. This suggests that the negligence claim should be construed as a claim for indemnification or contribution based on Jones' negligence. Sam Temples has not, however, expressly asserted a claim for indemnification or contribution, much less specified the basis for such a claim (*e.g.,* equitable indemnification based on a special relationship, imputed fault or both, statutory right to contribution under S.C. Code § 15-38-20, or other basis for indemnification or contribution). The factual allegations are, likewise, only minimally sufficient to survive a motion to dismiss.

The vagueness of the legal theory and minimal nature of the factual allegations is further complicated by Sam Temples' decision to plead a single negligence claim against multiple Third-Party Defendants without distinguishing which of its allegations relate to which Third-Party Defendant. These factors have made resolution of this motion to dismiss (and similar motions) unnecessarily difficult. It also bodes ill for properly focused discovery.

While the court has denied Jones' motion in part, it concludes that Sam Temples should be required to clarify the factual and legal bases for its claim. **Sam Temples is, therefore, directed to FILE responses to the following interrogatories no later than May 20, 2011**:

1. Set out, in full, all legal theories on which you rely in seeking to impose liability on Jones, listing the elements you must prove in support of each theory (*e.g.*, equitable indemnification based on negligent acts, statutory contribution based on joint negligence, etc.);

2. To the extent any element requires proof of one or more alternative facts or circumstances (*e.g.*, imputed fault, existence of a special relationship, absence of fault), indicate the basis or bases on which you intend to satisfy that element;

3. List the factual allegations which you maintain support each of the elements of your legal theories, and indicate which elements are supported by which factual allegations.[9]

The court intends for Jones to rely on Sam Temples' responses to these interrogatories in determining the scope of discovery and in addressing later motions. Sam Temples is, therefore, forewarned that full disclosure of the legal theories and supporting factual allegations is required and that it will be bound by these for the remainder of the proceedings.[10]

---

[9] For example, if Sam Temples relies on a special relationship or imputed fault as supporting indemnification, it shall explain the nature of the special relationship or imputed fault, and set forth the supporting factual allegations it anticipates proving in support of either basis for indemnification. If it relies on its own absence of fault for equitable indemnification, it shall explain how it might be liable to Tetra Tech without being "at fault" for purposes of equitable indemnification. If Sam Temples relies on S.C. Code § 15-38-20 for contribution, it shall specify the tort claims of Tetra Tech on which , if Sam Temples is held liable, Jones might be held jointly liable to Tetra Tech and the factual basis for Jones' alleged joint liability.

[10] The record reflects that, prior to institution of these proceedings, Sam Temples had an opportunity to and did investigate the cause of the water intrusion that led to the requirement for replacement of the masonry work. While this investigation may not have been so complete as to foreclose the need for further discovery, it suggests that Sam Temples should be able to make full disclosure of the factual bases for its third-party claims at this early stage in the proceeding.

## CONCLUSION

For the reasons set forth above, the court (1) dismisses Sam Temples' claim against Jones to the extent it seeks relief other than for actions which allegedly caused or contributed to Sam Temples' alleged breach of its subcontract *or otherwise support a claim for contribution* under South Carolina Code § 15-38-20 and (2) denies the motion in all other respects. **Sam Temples is further directed to FILE complete responses to the court's interrogatories set out above no later than May 20, 2011.**

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 20, 2011